## Levick v. Levick

*Raymond J. Bradley,* for plaintiff.
*Irving R. Segal,* for defendant.

HAGAN, P. J., February 19, 1960.—This is an action in replevin with bond, in which plaintiff is the wife of defendant. The property, the ownership of which is in dispute, is set forth in a five-page list attached to the complaint. The only averment in the complaint with respect to plaintiff's ownership of the property

is that plaintiff "is, and at all times relevant hereto was, the owner of" the property in question. Defendant filed preliminary objections for a more specific pleading on the ground that the above quoted averment of ownership is a mere conclusion of law, and the matter is now before us on these preliminary objections.

Defendant has cited the following cases, all of which hold that in a replevin action a general averment of ownership such as that contained in plaintiff's complaint is a mere conclusion of law and insufficient: Sobzack v. Swartz, 17 D. & C. 744; Bulford v. Sillick, 40 Lack. Jur. 155; Dutchess Underwear Corp. v. Swan Manufacturing Co., 75 D. & C. 185; Haugh v. Miller, 62 York 161; Maiore v. Maiore, 53 Lack. Jur. 7; Moore, v. Moore, 5 Lyc. 106.

Plaintiff contends, on the other hand, that the cases relied upon by defendant were decided under the Replevin Act of April 19, 1901, P. L. 88, 12 PS §1824 et seq., and particularly section 4 of the said act, 12 PS §1832, which provided that: "The plaintiff . . . shall file a declaration . . . setting forth the facts upon which his title to the goods and chattels is based." Plaintiff points out that the provisions of the Act of 1901 have been suspended by rule 1456(6) of the Pennsylvania Rules of Civil Procedure, and argues that the above cited cases are no longer applicable.

It will be noted, however, that several of the cases cited by defendant were decided *after* the effective date of the Rules of Civil Procedure affecting the action of replevin. Furthermore, Pa. R. C. P. 1019(a) provides that a complaint must state the "material facts" upon which a cause of action is based. It will be seen therefore that Pa. R. C. P. 1019(a) imposes upon plaintiff in a replevin action the same requirement of pleading the material facts upon which the conclusion of title is based as was formerly imposed by section 4 of the Act of 1901. For this reason the

cases cited by defendant, decided under the Act of 1901, apply with equal effect to an action in replevin under the present procedural rules.

Finally, plaintiff has cited the cases of Devers v. Nicolodi, 49 Schuyl. Reg. 165; Bentley Inv. Corp. v. McCready, 11 Beaver 5; and Clark v. Clark, 76 D. & C. 345, as authority for the proposition that a bald averment of ownership is a sufficient pleading in an action of replevin. A reading of these cases, however, discloses that none of them supports this proposition.

It is not necessary for plaintiff to set forth in great detail the source of her title with respect to each of the items included in the five-page list attached to the complaint. Plaintiff must, however, list the various items under particular categories sufficient to identify the source of ownership, such as those items which she owned prior to the marriage, or perhaps those items which were gifts to her alone, made after the marriage. This will serve the purpose of making it easier for defendant to file a proper answer, and will also serve to narrow the issues to be decided at the trial of the case.

For the foregoing reasons, defendant's preliminary objections are sustained, and plaintiff is directed to file within 20 days a more specific complaint, in accordance with the foregoing opinion.